# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 12-673V

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * * * * | | |
| KATHLEEN J. AUCH, | * | Special Master Corcoran |
| Petitioner, | * | Filed: April 5, 2017 |
| v. | * | Decision; Attorney's Fees and Costs. |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * * * * * * * * * * * * * * | | |

*Richard Gage*, Richard Gage, P.C., Cheyenne, WY, for Petitioner.

*Alexis B. Babcock*, U. S. Dep't of Justice, Washington, DC, for Respondent.

### DECISION AWARDING ATTORNEY'S FEES AND COSTS[1]

On October 4, 2012, Kathleen Auch filed a petition seeking compensation under the National Vaccine Injury Compensation Program, alleging, among other things, that the influenza ("flu") vaccine she received on October 6, 2009, caused her subsequent development of a generalized polyneuropathic injury.[2] ECF No. 1. After the entitlement hearing in August 2016, I issued a decision dated January 13, 2017, determining that Petitioner had not established entitlement to compensation. ECF No. 90. Last summer, and before the entitlement hearing, I awarded $46,082.92 in interim fees on May 20, 2016. *Auch v. Sec'y of Health & Human Servs.*,

---

[1] I will post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the posted decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole decision will be available to the public. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

No. 12-673V, 2016 WL 3944701 (Fed. Cl. Spec. Mstr. May 20, 2016) ("Interim Fees Decision").

Petitioner has now filed a motion for a final award of attorney's fees and costs, dated February 27, 2017. *See* ECF No. 93 ("Fees App."). Petitioner requests reimbursement of attorney's fees and costs in the amount of $67,986.66 (representing attorney's fees in the amount of $40,910.48, plus costs in the amount of $27,076.18). *Id*. In addition, and in compliance with General Order No. 9, Petitioner represents that she personally incurred $976.40 of litigation-related expenses in conjunction with this proceeding. Tab G to Fees App.

Respondent filed a brief reacting to Petitioner's fees request on March 16, 2017. ECF No. 94. Respondent asserts that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for Respondent in the resolution of a request by a Petitioner for an award of attorney's fees and costs." *Id.* at 1. Respondent added that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." *Id.* at 2. Petitioner did not file a reply.

**ANALYSIS**

I.     **Petitioner's Attorney's Fees Request**

I have previously discussed at length the legal standards for a disputed award of attorney's fees and costs in my Interim Fees Decision, as well as other decisions. *See, e.g.,* Interim Fees Decision; *Jaffri v. Sec'y of Health & Human Servs.*, No. 13-484V, 2016 WL 7319407 (Fed. Cl. Spec. Mstr. Sept. 30, 2016). The law applicable to such a request is incorporated by reference herein.

Petitioner requests $28,771.48 for her primary counsel, Mr. Gage, for work performed on this matter from 2015 to the present, based on rates ranging from $387.50 per hour to $401.75 per hour depending on the year the work was performed. Tab C to Fees App. Additionally, Petitioner seeks reimbursement for work performed by an associate, Kayla Spencer, based on the hourly rate of $200 for 41.9 hours of work performed in 2016, totaling $8,380.00. Tab D to Fees App. And Petitioner requests compensation for work performed by another associate, Kristen Blum, at a rate of $350 per hour for 4.8 hours of work, totaling $1,680.00. Tab E to Fees App. Petitioner finally requests reimbursement for two paralegals' 15.4 hours of work, calculated at $135 per hour for a total of $2,079.00. Tab F to Fees App.

These rates are similar to those set forth in *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), a decision that established hourly rate ranges for attorneys entitled to a forum rate. *McCulloch*, 2015 WL 5634323, at *19. I previously determined in my Interim Fees Decision, however, that Mr. Gage's

firm was <u>not</u> entitled to these higher forum rates. *See* Interim Fees Decision at *12. Rather, I found Mr. Gage's appropriate hourly rate to be $300 per hour for 2015 work. *Id.* at *12. I then employed the Consumer Price Index ("CPI") inflation calculator[3] to determine the appropriate retroactive adjustment for previous years.[4] *Id.* This made his appropriate hourly rate $299.64 for 2014 work; $294.86 for 2013 work; and $290.60 for 2012 work. *Id.*

In support of her current renewed request for higher hourly rates for her counsel, Petitioner has presented some new evidence in support of her request that Mr. Gage receive the higher rate. In particular, she references two non-Program cases where Mr. Gage was an attorney on the case, and four cases from the United States District Court for the District of Colorado not involving Mr. Gage, as evidence of what the proper hourly rate should be for an attorney with similar experience to Mr. Gage in Cheyenne, Wyoming. Supplemental Memo in Support of Fees (ECF No. 93-1) at 6-8.

These factual support materials for Mr. Gage's higher rate request were also recently submitted to support an attorney's fees request for Mr. Gage in another case, *Onikama v. Sec'y of Health & Human Servs.*, No. 15-1348V, slip op. (Fed. Cl. Spec. Mstr. Apr. 3, 2017). Special Master Gowen examined in detail these referenced cases, and determined that the cases where Mr. Gage specifically served as the attorney provided the most relevant information for determining his local rate. *Onikama*, No. 15-1348V, slip op. at 9-14. However, even utilizing the higher local rate of $311 per hour billed in said cases, Special Master Gowen found that local Cheyenne rates were still "very significantly different" from the forum rates, and awarded Mr. Gage and his associates the local rate accordingly. *Id.* at 17-18.

I find Special Master Gowen's discussion of these cases and his determination that Mr. Gage's firm is outside the forum for purposes of awarding attorney's fees persuasive, and consistent with the reasoning of my Interim Fees Decision. Not only are the requested rates for Mr. Gage higher than those I awarded in my Interim Fees Decision in this case, they are higher than subsequent decisions determining that Mr. Gage and his associates should receive a local rate rather than forum rates. I will therefore award Mr. Gage the same local hourly rates for 2015 as set forth in my Interim Fees Decision ($300.00), with a CPI Calculator adjustment for work

---

[3] *CPI Inflation Calculator*, U.S. Bureau of Labor Statistics, http://data.bls.gov/cgi-bin/cpicalc.pl (last accessed Mar. 29, 2017).

[4] I utilized this calculation to adjust hourly rates, as applying rates retroactively would be equivalent to charging the government interest. *Hocraffer v. Sec'y of Health & Human Servs.*, No. 99-533V, 2011 WL 3705153, at *17-19 (Fed. Cl. Spec. Mstr. July 25, 2011), *mot. for review den'd*, 2011 WL 6292218 (Fed. Cl. Nov. 22, 2011).

performed in 2016 and 2017.[5] Mr. Gage will receive $303.78 per hour for 2016 work and $308.34 per hour for 2017 work.

I next turn to the rates requested for other attorneys who appear to have worked on this matter. Petitioner's requested rates for work performed by Mr. Gage's associates and paralegals are within the forum rate ranges as well, and therefore must be adjusted to an appropriate local rate. The two associates who billed time in the present fees application – Ms. Blum and Ms. Spencer – did not bill any hours in the interim fees application, nor have I found any other decisions explicitly discussing these two attorneys' rates. As only a brief summary of each attorney's background is included with the fees application, I will rely on the attorneys' experience as compared to other Richard Gage, P.C., attorneys who have been awarded Vaccine Program fees in the past to determine the appropriate hourly rates. Special masters may evaluate any evidence provided to support the reasonableness of an attorney's hourly rate (*Blum*, 465 U.S. at 895 n.11), and can use his or her own judgment as well when making a determination regarding a reasonable hourly rate. *See, e.g.*, *King v. Sec'y of Health & Human Servs.*, No. 03-584V, 2010 WL 5470787, at *4 (Fed. Cl. Spec. Mstr. Dec. 13, 2010).

Petitioner first requests $350 per hour for work performed by Ms. Kristen Blum. Tab E to Fees App. As discussed above, I will not apply the forum rates to Ms. Blum (or Ms. Spencer, for that matter). Ms. Blum has been a practicing attorney since 1992, and thus has 25 years of experience. Supplemental Memo in Support of Fees at 10. However, unlike Mr. Gage, her experience has not been focused in Vaccine Program litigation. *Id.* Another associate of Richard Gage, P.C., with similar years' experience (and also not focused exclusively in Vaccine Program litigation), Mr. Donald Gerstein, has previously been awarded an hourly rate of $251 for 2016 work. *See McErlean v. Sec'y of Health & Human Servs.*, No. 13-543V, 2016 WL 4575583, at *5 (Fed. Cl. Spec. Mstr. July 28, 2016) (awarding $251 per hour for Mr. Gerstein's 2016 work). I find this to be a reasonable amount to award Ms. Blum for her work in 2016, based on her similar credentials and experience. Ms. Blum also performed work in 2017, and therefore her hourly rate will be adjusted upward (utilizing the CPI Calculator) to $253.75 per hour for 2017 work.

Petitioner next asks for $200 per hour for work performed in 2016 by Ms. Kayla Spencer. Tab D to Fees App. Ms. Spencer graduated from law school in 2016, and therefore did not even have a full year of attorney experience when she performed work on this matter. Supplemental

---

[5] It has been suggested that utilizing the Bureau of Labor Statistics' producer price index office of lawyers ("PPI-OL") formula results in a "fairer" estimate of inflation. *See USAO Attorney's Fees Matrix 2015-2016* n. 2, https://www.justice.gov/usao-dc/file/796471/download ("On that page, under "PPI Databases," and "Industry Data (Producer Price Index - PPI)," select either "one screen" or "multiple screen" and in the resulting window use "industry code" 541110 for "Offices of Lawyers."). The PPI-OL is a family of indexes that measures the average change over time in selling prices received by domestic producers of goods and services, and contains an industry index specifically for lawyers. *Id.* Despite this, I will utilize the CPI Calculator here because it is the existing law of this case – although I will likely apply the PPI in the future to Mr. Gage, as well as other attorneys.

Memo in Support of Fees at 10. In the Interim Fees Decision, I awarded an hourly rate of $145 to a Richard Gage, P.C. associate, Mr. Dustin Lujan, who had under one year of experience. Interim Fees Decision at *12-13. As Mr. Lujan's experience level is similar to Ms. Spencer's, I find this rate appropriate for her as well, and will award $145 per hour for her work in 2016.

Finally, Petitioner requests $135 per hour for paralegal work performed by Susan McNair and Brian Vance. Tab F to Fees App. In my Interim Fees Decision, I awarded $112.00 per hour for work performed by paralegals in 2015. Interim Fees Decision at *15. Petitioner has provided no new arguments to increase this previously-determined rate, and therefore it will also apply to these paralegals. However, the work billed in this present fees application was performed in 2016 and 2017, and must be adjusted upward for these years. Therefore, the paralegals shall receive $113.41 per hour for 2016 work, and $115.11 per hour for work performed in 2017.

B.  Hours Devoted to Matter

As noted above, special masters are not required to scrutinize each billing record entry in search of inefficiency. I have, however, looked over the submitted invoices and do not identify any obvious inefficiencies or questionable time devoted to the matter. Nor has Respondent objected to any specific billing instance or category.

In reviewing the time billed to this matter, I do not find that this matter was overworked. The entries listed are reasonable tasks to have been performed, and I do not find that any particular entries were unreasonable. Therefore, the requested hours will be awarded in full.

C.  Fees Award Summary

In accordance with my determinations above, I shall award attorney's fees in the following manner:

5

|  | Year Work Performed | Hours Awarded | Hourly Rate Awarded | Total Amount |
|---|---|---|---|---|
| Mr. Gage | 2015 | 3.8 | $300.00 | $1,140.00 |
|  | 2016 | 59.95[6] | $303.78 | $18,211.61 |
|  | 2017 | 8.2 | $308.34 | $2,528.39 |
|  |  |  |  |  |
| Ms. Spencer | 2016 | 41.9 | $145.00 | $6,075.50 |
|  |  |  |  |  |
| Ms. Blum | 2016 | 1.3 | $251.00 | $326.30 |
|  | 2017 | 3.5 | $253.75 | $888.13 |
|  |  |  |  |  |
| Paralegals | 2016 | 11.1 | $113.41 | $1,258.85 |
|  | 2017 | 4.3 | $115.11 | $494.97 |
|  |  |  | **Total Attorney's Fees Awarded:** | **$30,923.75** |

## II. Litigation Costs

Petitioner requests $27,076.18 in litigation costs. Tab F to Fees App. at 4-5. $25,770.88 of this relates to fees and expenses for Dr. Lawrence Steinman's involvement in the case. *Id.* Dr. Steinman billed 48 hours at $500 per hour, totaling $24,000.00 in fees. *Id.* at 18-20. He also incurred $1,770.88 in costs. *Id.* at 4-5. Dr. Steinman's rate is at the top end of what experts in Vaccine Program cases receive, but it is in accordance with what other special masters have previously awarded him. *See, e.g.*, *Daniel v. Sec'y of Health & Human Servs.*, No. 10-745V, 2016 WL 7785955, at *3 n.9 (Fed. Cl. Spec. Mstr. Dec. 21, 2016); *Pentcholov v. Sec'y of Health & Human Servs.*, No. 14-414V, 2016 WL 3197389, at *6 (Fed. Cl. Spec. Mstr. Apr. 29, 2016); *Brown v. Sec'y of Health & Human Servs.*, No. 09-426V, 2012 WL 952268, at *10-11 (Fed. Cl. Spec. Mstr. Feb. 29, 2012). Dr. Steinman's hours spent on this case otherwise appear to be reasonable, and I will therefore award all of his fees and costs.

The remaining $1,305.30 in litigation costs were incurred for travel expenses and meals connected to the entitlement hearing, as well as copy charges. *Id.* at 4-5; Tab A to Fees App. These

---

[6] Mr. Gage billed his time at half rate for his travel to and from the entitlement hearing. Instead of reducing the hourly rate by half, I awarded half of the requested hours for these entries.

do not appear to be unreasonable and will also be awarded. Accordingly, Petitioner shall receive a total of $27,076.18 for litigation costs.

Petitioner also represents that she incurred $976.40 in personal expenses in pursuing her Vaccine claim. Tab G to Fees App. This amount represents hotel costs and meals associated with the entitlement hearing. *Id.* Respondent raises no objection to these costs, and I will separately award the entire sum to Petitioner.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Based on the reasonableness of Petitioner's request, as well as my hourly fee rate decisions above, I hereby GRANT in part Petitioner's Motion for attorney's fees and costs, as follows:

| Contested Sum | Amount Requested | Reduction | Total Awarded |
|---|---|---|---|
| Mr. Gage's Fees | $28,771.48 | $6,891.48 | $21,880.00 |
| Ms. Blum's Fees | $1,680.00 | $465.57 | $1,214.43 |
| Ms. Spencer's Fees | $8,380.00 | $2,304.50 | $6,075.50 |
| Paralegal Fees | $2,079.00 | $325.18 | $1,753.82 |
| Richard Gage P.C. Firm Costs | $1,305.30 | None | $1,305.30 |
| Dr. Steinman's Fees and Costs | $25,770.88 | None | $25,770.88 |
| Petitioner's Costs | $976.40 | None | $976.40 |

Accordingly, I award a total of **$57,999.93** as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel, Mr. Richard Gage, Esq., representing $30,923.75 in attorney's fees and $27,076.18 in costs. I award separate costs payable to Kathleen Auch in the amount of **$976.40.**

The clerk of the Court shall enter judgment in accordance herewith.[7]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran  
Brian H. Corcoran  
Special Master

---

[7] Pursuant to Vaccine Rule 11(a), entry of judgment may be expedited by the parties' joint filing of notice renouncing the right to seek review.